UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA\
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

THE FORT LAUDERDALE
BRIDGE CLUB, INC.,

Chapter 11
Case No. 13-14289-LMI

    Debtor.

_____/

SAMUEL D. ROSEN,

    Creditor-Appellant,

v.

JOEL TABAS, Trustee,

    Appellee.

_____/

### **CREDITOR, SAMUEL D. ROSEN'S *CORRECTED* NOTICE OF APPEAL**

**PLEASE TAKE NOTICE** that SAMUEL D. ROSEN, Creditor/Appellant ("Rosen"), by and through undersigned counsel, hereby appeals from each and every portion of the Order of the Bankruptcy Court (Isicoff, J.) dated December 10, 2013 and entered December 12, 2013 (Doc. 574) granting Trustee/Appellee's Request for Mediation (Doc. 455), abating pending matters, refusing to schedule a hearing on Rosen's Motion to Dismiss, and prohibiting the parties from obtaining hearing of any further motions without first obtaining prior approval of the Bankruptcy Court.

1

2

Dated December 15, 2013  Respectfully submitted,

By: /s/ Douglas C. Broeker
**Douglas C. Broeker, Esquire**
Florida Bar No. 306738
**SWEETAPPLE, BROEKER & VARKAS, P.L.**
777 Brickell Avenue, Suite 600
Miami, Florida 33131
Tel.: (305) 374-5623
Fax.: (305) 358-1023
Doug@broekerlaw.com
DocService@broekerlaw.com\

Case 1:14-cv-20437-KMW Document 50 entered on FLSD Docket 02/04/2014 Page 2 of 8

2

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via Regular U.S. Mail to all parties who are not on the list to receive e-mail notification/service for this case on this 15th day of December 2013.

                        *I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-I (A).*

                        By:/s/ Douglas C. Broeker
                            **Douglas C. Broeker, Esquire**
                            Florida Bar No. 306738

## SERVICE LIST

tabrams@tabramslaw.com
pbattista@gjb-law.com
ddillworth@stearnsweaver.com
gfreedman@tabasfreedman.com
jgrant@msglaw.com
mwalker@kapilaco.com
USTPRegion21.MM.ECF@usdoj.gov
lpecan@marshallgrant.com
cpugatch.ecf@rprslaw.com
Damaris.D.Rosich-Schwartz@usdoj.gov
pshapiro@shapirolawpa.com
esilver@stearnsweaver.com
JLT@tfsmlaw.com

ORDERED in the Southern District of Florida on Dec 10, 2013

Laurel Myerson Isicoff, Judge
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

In re:

CASE NO. 13-14289-BKC-LMI
Chapter 11

**THE FORT LAUDERDALE BRIDGE CLUB, INC.**

_____Debtor._____/

## ORDER GRANTING TRUSTEE'S REQUEST FOR MEDIATION

**THIS CAUSE** having come before the Court on November 21, 2013 at 9:30 a.m. upon Joel L. Tabas, Trustee's Request for Mediation (the "Request") [ECF 445], and the Court, having reviewed the Request, having heard argument from some but not all of the interested parties, and finding that mediation is appropriate pursuant to Local Rule 9019-2 for the reasons stated on the record, it is

**ORDERED** as follows:

1. The Request is granted.

2. The Parties[1] are required to participate in in-person mediation or a judicial settlement conference (collectively referred to herein as the "Mediation Conference"). The Mediation Conference shall be conducted no later than December 31, 2013.

3. The Parties shall agree upon a mediator or a judicial settlement conference facilitator (collectively referred to herein as the "Mediator") by December 3, 2013, from the list of three potential Mediators provided by the Court at the November 21, 2013 hearing: Chief Judge Paul G. Hyman; Judge Erik P. Kimball; and Francis Carter.[2] If the Parties cannot reach an agreement as to who shall serve as Mediator and/or none of the three potential Mediators referenced herein agree to serve as Mediator, then the Court shall provide the Parties with another list of three potential Mediators.[3] Thereafter, if no agreement can be reached as to whom shall serve as Mediator, the Court shall appoint a Mediator.

4. Upon consultation with the Parties and their attorneys, the Mediator shall fix a reasonable time and place for the Mediation Conference.

5. The appearance of counsel and each Party with full authority to enter into a full and complete compromise and settlement is mandatory.

6. The Court shall grant limited relief from the automatic stay under 11 U.S.C. § 362, with respect to Rosens I, II, III and IV as defined in Paragraph 1 of the

---

[1] "Parties," as used herein, shall include the Trustee, United States Liability Insurance Group and all of the litigants described in Rosens I – IV, as defined in Paragraph 1 of the Request.

[2] Chief Judge Paul G. Hyman and Judge Erik P. Kimball are active bankruptcy judges sitting in the United States Bankruptcy Court for the Southern District of Florida. Francis Carter is an Of Counsel attorney at Katz Barron Squitero Faust and acts as a private mediator ("Private Mediator").

[3] The Court, prior to entry of this Order, has been advised that neither Judge Hyman nor Francis Carter may serve as mediator due to conflicts, and that Mr. Rosen does not agree to have Judge Kimball serve as a mediator. By separate order the Court shall direct the parties to consider three additional names, and will, in light of the upcoming holidays, address an extended mediation deadline as well.

Request, for the sole purpose of allowing the Trustee to obtain orders compelling the Parties thereto to participate in the Mediation Conference.

7. The Court finds that it is appropriate to abate all pending matters, including the service or conduct of discovery, other than those matters related directly to the administration of this case until the Mediation Conference is concluded. If any administrative matters arise during the abatement period, the Parties must file a motion for leave to have a hearing on that issue.

8. The Mediator may report to the Court the willful failure of any Party to attend the Mediation Conference or to participate in the Mediation process in good faith, which failure may result in the imposition of sanctions by the Court.

9. The Private Mediator shall be compensated in accordance with the current rate established by the U.S. District Court for the Southern District of Florida and adopted by this Court. The cost of Mediation shall be shared equally by the Parties. The Parties shall remit their portion of costs of the Mediation Conference to the Private Mediator within thirty (30) days of the date of his or her invoice. Notice to the Private Mediator of cancellation or settlement prior to the scheduled Mediation Conference must be given at least three (3) full business days in advance. Failure to do so will result in imposition of a fee for two (2) hours of the Private Mediator's time.

10. Within seven (7) days after the Mediation Conference, the Mediator shall file the Local Form "Report of Mediator" required by Local Rule 9019-2(E). In the event there is an *impasse*, the Mediator shall report that there is a lack of agreement, with no further comment or recommendation, and the matter will be tried as scheduled.

Case 1:14-cv-20487-KMM Document 5 Entered on FLSD Docket 02/04/2014 Page 8 of 8
Case 13-14289-LMI Doc 57 Filed 12/13/13 Page 4 of 4

CASE NO. 13-14289-BKC-LMI

11. If the Parties have reached an agreement regarding the disposition of the matter or proceeding, they shall prepare and submit to the court within fourteen (14) days after the filing of the "Report of Mediator" an appropriate stipulation of settlement and motion for the Court's approval of same. Failure to file such motion shall be a basis for the court to impose appropriate sanctions.

###

Copy furnished to:
Gary M. Freedman
Attorney Gary M. Freedman is hereby directed to serve a copy of this Order immediately upon receipt on all interested parties.